J-S22038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ABIUD TORRES | : | |
| | : | |
| Appellant | : | No. 2193 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002972-2024

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 13, 2026**

Appellant, Abiud Torres, appeals from the judgment of sentence imposed after he pled guilty to third-degree murder and persons not to possess firearms. On appeal, Appellant argues that the trial court erred in concluding that he waived his challenge to the guilty plea and also argues that his plea was not knowing, voluntary, and intelligent. We affirm.

The underlying facts of this matter are well known to the parties. *See* Trial Court Opinion, 10/22/25, at 4-6. With respect to the procedural history, the trial court explained:

> On May 5, 2025, Appellant entered a partially negotiated plea of guilty to third-degree murder and related offenses. As part of the negotiated plea, the Commonwealth would not request a sentence greater than 20-40 years, without limitation on the court's discretion. The court sentenced Appellant to 20-40 years, which is within the negotiated maximum sentence. Appellant did not file any post-sentence motions.

*Id.* at 1 (some formatting altered).

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion concluding that Appellant waived his challenge to the guilty plea, but ultimately addressed the underlying merits of Appellant's claim.

On appeal, Appellant raises the following issues for review:

1. Did not the [trial] court erroneously find a waiver of the issue of whether the guilty plea was valid because there was no post-sentence motion to withdraw the plea, where the court failed to fulfill its obligation to advise of the necessity of filing the motion, and the waiver consequences that would follow if there was no motion to withdraw?

2. Was not the guilty plea made without being knowing, intelligent and voluntary in violation of constitutional and rule based rights where neither the oral on the record colloquy nor the prior written colloquy informed [Appellant] of the nature of the charges, the elements of the offenses?

Appellant's Brief at 2 (some formatting altered).

In his first issue, Appellant argues that the trial court erred in concluding that he waived his right to challenge the guilty plea. *Id.* at 6-7. In support, Appellant claims that the trial court failed to inform Appellant that he was required to file a post-sentence motion to preserve a challenge to the validity of his plea[1] and that, therefore, this Court should decide the merits of his underlying claim. *See id.* at 7-9.

_____

[1] We note that Appellant fails to cite to any authority for his position that the trial court was obligated to inform Appellant as to which discrete issues he was required to preserve in a post-sentence motion.

Generally, "[i]n order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations omitted and formatting altered).

As Appellant did not object at sentencing, Appellant was obligated to comply with Pennsylvania Rule of Criminal Procedure 720 to preserve his claim, which requires that a defendant file a post-sentence motion within ten days of sentencing and specify the grounds for relief. **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). The failure to raise an objection that allows the trial court to correct an error at the first opportunity results in waiver. **See** ***Monjaras-Amaya***, 163 A.3d at 469 (concluding that the appellant waived a challenge to his guilty plea when he raised his claim for the first time in a Rule 1925(b) statement). However, waiver only applies when the court informs the defendant of his right to file a post-verdict motion or a motion to withdraw the plea. **See Commonwealth v. Cavanuagh**, 456 A.2d 145, 147 (Pa. 1983); **see also** Pa.R.Crim.P. 704(C)(3) (stating that at sentencing a trial judge must determine on the record that a defendant has been notified of, *inter alia*, his "right to file a post-sentence motion and . . . the time within which the defendant must exercise [that] right").

Additionally, we note that "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-

- 3 -

record examination." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted). A written colloquy may also serve as the basis for a defendant's notice of his rights. ***See Commonwealth v. W. Torres***, 223 A.3d 715, 717 (Pa. Super. 2019) (stating that a defendant's untimely post-sentence motion was not excused due to alleged failure by trial court to advise him of his appellate and post-sentence motion rights because the written colloquy notified him of such, and he confirmed that he read and understood the written colloquy). Further, "a defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

[] Appellant failed to raise any objection to the knowing, intelligent, or voluntary nature of his plea at any time prior to his filing of the statement of matters of complained of on appeal. The absence of timely objection to the plea or motion to withdraw from Appellant at any time between May 5, 2025, when his plea was taken, to July 24, 2024, ten days after Appellant's sentencing, is fatal to Appellant's claim. At any point in this eighty-one-day period, Appellant could have taken any number of steps to inform the court of his alleged faulty plea. However, despite the lengthy period of time, Appellant waited until his statement of matters complained of on appeal to inform the trial court of the potential error. This lengthy and unreasonable delay by Appellant effectively denied this court the opportunity to review and potentially correct any alleged error in the underlying plea colloquy.

Trial Court Opinion, 10/22/25, at 8-10 (some formatting altered, footnote omitted).

Our review of the record confirms that Appellant executed a written plea colloquy in addition to participating in an on-the-record oral colloquy at the plea hearing. The written plea colloquy specifically informed Appellant of his right to file a petition to withdraw his guilty plea within ten days of sentencing and the consequences of his failure to file. *See* Written Guilty Plea Colloquy Form, 5/5/25, at 5 (advising Appellant that if he did not file a written post-sentence motion **within ten days of sentencing**, any claim alleging his plea was involuntary would be waived on appeal) (emphasis added); *see also* ***Reid***, 117 A.3d at 782; ***Torres***, 223 A.3d at 717. Appellant signed the written guilty plea colloquy form confirming that he reviewed and understood the information contained in the form and, at the hearing, again confirmed that he reviewed the form with counsel, understood everything in the document, and did not have any unresolved questions for the trial court. *See* N.T. Guilty Plea Hearing, 5/5/25, at 7; Written Guilty Plea Colloquy Form at 5; *see also* ***Jabbie***, 200 A.3d at 506. At sentencing, Appellant's counsel reiterated that he had ten days to file a motion for reconsideration and thirty days to file a notice of appeal. *See* N.T. Sentencing Hearing, 7/14/25, at 53. However, Appellant raised the claim regarding his guilty plea for the first time in his Rule 1925(b) statement. Therefore, on this record, we are constrained to conclude that Appellant waived his challenge to the validity of his plea. *See **Monjaras-Amaya***, 163 A.3d at 469. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/13/2026</u>